

**United States Department of Justice**

**William J. Powell**
*Acting United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Center
320 West Pike Street, Suite 300
Phone: (304) 623-7030 Fax: (304) 623-7031
Clarksburg, WV 26301

January 5, 2018

Scott A. Curnutte, Esq.
Curnutte Law Office
PO Box 1605
Elkins, WV 26241
Email: curnutte@justice.com

FILED

FEB 02 2018

U.S. DISTRICT COURT
ELKINS WV 26241

Re:   United States v. Amanda Mae Bachman
      Criminal No. 2:17CR15-01

Dear Mr. Curnutte:

The United States makes the following offer to your client, Amanda Mae Bachman (hereinafter the "defendant"). To accept this offer, the defendant must return a signed copy of this agreement to the United States Attorney's Office on or before January 22, 2018. All references to the "Guidelines" are to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

_____          01/18/2018
Amanda Mae Bachman,                      Date
Defendant

_____          18 Jan 18
Scott A. Curnutte, Esq.,                 Date
Counsel for Defendant

-1-

## PART A: THE PLEA

1. The defendant will plead guilty to will plead guilty pursuant to F.R.Cr.P. Rule 11(c)(1)(C) to conspiracy to distribute methamphetamine in violation of Title 21, U.S.C. 841(a) and 841(b)(1)(A) as charged in count one.

2. The maximum statutory penalty for the offense to which the defendant will plead guilty is imprisonment for a period of ten (10) years to life, a fine of $10,000,000.00 and a term of at least five (5) years of supervised release, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

3. The defendant understands that forfeiture is part of the sentence imposed in this case, and agrees to the forfeiture of all property attributed to her in the indictment's forfeiture allegation, specifically the below-described property, which the defendant stipulates is property constituting, or derived from, proceeds obtained directly or indirectly from the commission of the defendant's Controlled Substances Act offense of conviction, or was used or intended to be used to commit or facilitate such violation: (1) $8,713.00 in United States Currency described in Section 1.A.1. of the indictment's Forfeiture Allegation, and (2) $230.00 in United States Currency described in Section 1.A.2. of the indictment's Forfeiture Allegation. The defendant further warrants that she has no ownership interest in any other asset listed in the indictment's Forfeiture Allegation, and therefore does not object to the forfeiture of any other asset listed in the Indictment's Forfeiture Allegation. The defendant agrees to consent to the entry of orders of forfeiture for all property identified in the indictment, and she waives the requirements of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. By signing this agreement, the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and she waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Further, the defendant agrees to waive all challenges in any manner (including direct appeal, habeas corpus, or any other means)

_____   01/18/2018
Amanda Mae Bachman,              Date
Defendant

_____   18 Jan 18
Scott A. Curnutte, Esq.,         Date
Counsel for Defendant

- 2 -

to any forfeiture carried out in accordance with this Plea Agreement. The defendant agrees to execute any document or other assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

4. Pursuant to Title 18, United States Code, Section 3013, the defendant must pay a special mandatory assessment of one hundred dollars ($100.00), which must be paid before the sentencing hearing by money order or certified check, made payable to the United States District Court. The Court may also require the defendant to pay the costs of her incarceration, supervision and probation.

5. The defendant authorizes the U.S. Attorney's Office to access her credit report from any major credit reporting agency, in order to assess her financial condition for sentencing.

6. If the Court accepts the defendant's guilty plea pursuant to this agreement, then during or before the sentencing hearing, the United States will move to dismiss the defendant from the remaining counts in the Indictment.

## PART B: COOPERATION

7. The defendant will answer all questions completely forthrightly and truthfully. She will give signed and sworn statements, and grand jury and trial testimony relative thereto. The defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office, to be administered by a polygrapher chosen by the United States Attorney's Office.

8. Nothing contained in any statement or any testimony given by the defendant, pursuant to this plea agreement, will be used against her as the basis for any subsequent prosecution. Any information obtained from the defendant pursuant to this cooperation agreement may be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining the defendant's applicable guideline range.

_/s/ Amanda M. Bachman_  
**Amanda Mae Bachman,**  
**Defendant**  

01/18/2018  
Date

_/s/ Scott A. Curnutte_  
**Scott A. Curnutte, Esq.,**  
**Counsel for Defendant**

18 Jan 18  
Date

9. This agreement does not prevent the defendant from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her cooperation under this agreement.

10. At sentencing, the United States may advise the Court of the defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

**PART C: SENTENCING RECOMMENDATIONS**

11. There have been no representations whatsoever by any agent or employee of the United States or any other law enforcement agency, or by the defendant's counsel, as to what the defendant's sentence will be. This agreement includes <u>nonbinding</u> sentencing recommendations the United States will make if the defendant does not violate any term of this plea agreement or any condition of her pre-trial release, and if the defendant does not obstruct or impede the administration of justice as defined in Guideline 3C1.1. The Court is not bound by these sentence recommendations, and the defendant has no right to withdraw her guilty plea if the Court does not follow them. They are:

    a. If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility and if the U.S. Probation Office recommends a two-level reduction for "acceptance of responsibility,„ as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

    b. If the defendant gives timely and complete information about her own criminal involvement, then the United States will recommend an additional one level reduction for her "timely" acceptance of responsibility, provided the requirements are met under Guideline 3E1.1(b); and

_____          01/18/2018
Amanda Mae Bachman,                     Date
Defendant

_____          18 Jan 18
Scott A. Curnutte, Esq.,                Date
Counsel for Defendant

  c. The United States will recommend that any sentence of incarceration imposed should be at the lowest end of the applicable guideline range.

## PART D: STIPULATIONS

12. Pursuant to Guideline Sections 6B1.4 (Stipulations (Policy Statement)) and 1B1.3 (Relevant Conduct), the parties stipulate that pursuant to Guideline 2D1.1(a) the base offense level is 32. Pursuant to Guideline 2D1.1(b)1) there is a 2 level increase because a firearm was possessed. The parties will dispute whether there is a guideline enhancement for the defendant's role in the offense pursuant to Guideline 3B1.1 and whether the defendant involved a person in the offense who was less than 18 years of age pursuant to Guideline 2D1.1(b)(15)(B).

13. Pursuant to 18 U.S.C. § 3613, any fine or restitution imposed shall be due and payable immediately and will be subject to immediate enforcement by the United States as provided for in § 3613. The defendant agrees to provide all of her financial information to the United States Attorney's Office and to the United States Probation Office, and if requested, she agrees to participate in a pre-sentence debtor examination conducted by the United States under oath and before a court reporter. If the Court imposes a payment schedule, then the payment schedule shall be the minimum payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment. If the defendant is incarcerated, then she shall participate in the Inmate Financial Responsibility Program established by the United States Bureau of Prisons, regardless of whether the Court requires such participation or imposes a criminal monetary penalty payment schedule.

14. The defendant agrees that the United States may submit any unpaid criminal monetary penalty to the United States Treasury for offset regardless of the defendant's payment status or history at the time of said submission.

15. The Court is not bound by any stipulation contained in this plea agreement and the Court is not required to accept any stipulation. If the Court does not accept any stipulation, the defendant will not have the right to withdraw her guilty plea.

_Amanda M. Bachman_      01/18/2018
Amanda Mae Bachman,         Date
Defendant

_Scott Curnutte_        18 Jan 18
Scott A. Curnutte, Esq.,        Date
Counsel for Defendant

## PART E: WAIVER OF APPELLATE RIGHTS

16. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence. Acknowledging this, if the court determines that the defendant's total adjusted guideline level is 37 or less (and the Court does not depart upward), then the defendant waives the right:

    a. to appeal any order, the conviction, the sentence and the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742; and

    b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

## PART F: CONCLUSION

17. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with the imposition of sentence and/or any pre-sentence investigation, relevant information including defendant's background, criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated pre-sentence report, and to respond to any written or oral statements made by the Court, by defendant or her counsel.

_Amanda M. Bachman_  
**Amanda Mae Bachman,**  
**Defendant**

01/18/2018  
Date

_Scott Curnutte_  
**Scott A. Curnutte, Esq.,**  
**Counsel for Defendant**

18 Jan 18  
Date

- 6 -

18. If the defendant's guilty plea is not accepted by the Court or is later set aside, or if the defendant breaches any part of this agreement, then the United States Attorney will have the right to not make the sentencing recommendations, to void this entire agreement, or to void any one or more provisions of this agreement.

19. This written agreement constitutes the entire agreement between the defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,

WILLIAM J. POWELL
United States Attorney

By: *[signature: Jonah E. Wagner for]*
Stephen Warner
Assistant United States Attorney

As evidenced by my signature on every page of this agreement, I read, understand, and fully approve each provision of every paragraph of this plea agreement.

*[signature: Amanda M. Bachman]*       01/18/2018
Amanda Mae Bachman,                    Date
Defendant

*[signature: Scott Curnutte]*          18 Jan 18
Scott A. Curnutte, Esq.,               Date
Counsel for Defendant

-7-