1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF WEST VIRGINIA

3    United States of America,

4          Plaintiff,

5              VS.                    CRIMINAL ACTION NO.

6                                     2:17-cr-15

7    Amanda Mae Bachman,

8          Defendant.

9                              – – –

10       Proceedings had in the plea hearing of the above-styled

11   action on February 2, 2018, before Honorable Michael John Aloi,

12   Magistrate Judge, at Elkins, West Virginia.

13                             – – –

14       APPEARANCES:

15       On behalf of the United States of America:

16       Sarah Wagner
         Assistant United States Attorney
17       320 W. Pike Street, Suite 300
         Clarksburg, WV  26302-0750
18       304.623.7030

19       On behalf of the Defendant:

20       Scott A. Curnutte
         Curnutte Law Offices
21       PO Box 1605
         Elkins, WV  26241
22       304.636.5907

23

24       The Defendant was present in person.

25       Proceedings recorded utilizing tape.
         Transcript produced by computer-aided transcription.

1              Friday Afternoon Session,

2              February 2, 2018, 10:00 a.m.

3                        - - -

4         THE COURT:  If the clerk would please call the next

5    case.

6         THE CLERK:  This is the case of the United States of

7    America versus Amanda Mae Bachman, Criminal Number

8    2:17-CR-15-1.

9         Will the parties please note their appearance for the

10   record.

11        MS. WAGNER:  Sarah Wagner on behalf of the United

12   States.

13        MR. CURNUTTE:  Scott Curnutte on behalf of the

14   defendant, Amanda Bachman.

15        THE COURT:  Okay.  Thank you, counsel.

16        Mr. Curnutte, it's my understanding that Ms. Bachman

17   desires to plead guilty to the charge contained in Count 1 of

18   the indictment; is that correct?

19        MR. CURNUTTE:  Yes, Your Honor.

20        THE COURT:  And Ms. Bachman, would you please stand,

21   raise your right hand, and be sworn by the clerk.

22        (Defendant sworn.)

23        THE COURT:  Ms. Bachman, do you understand --

24   Mr. Curnutte, if you don't mind maybe getting the microphone

25   closer to the -- she has one of her own.  I'm sorry.

1          MR. CURNUTTE:  Yes, Your Honor.

2          THE COURT:  I'm sorry.  I couldn't see it.

3          Ms. Bachman, do you understand that you're under oath

4    and that if you answer any of my questions falsely, your answer

5    may -- answers may later be used against you in another

6    prosecution for perjury or for making a false statement?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And Ms. Bachman, do you understand that

9    if you lie, it may result in a higher sentence for you?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Now, Ms. Bachman, during the course of

12    this hearing I will be asking you several questions.  And at

13    any point you should feel free to ask questions, to ask for an

14    explanation if you do not understand any of my questions, or

15    ask me to pause the proceedings so that you may discuss matters

16    with your attorney before answering the question.  Do you

17    understand that, Ms. Bachman?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Ms. Bachman, would you state your full

20    name for the record, please.

21          THE DEFENDANT:  Amanda Mae Bachman.

22          THE COURT:  How old are you?

23          THE DEFENDANT:  Thirty-three.

24          THE COURT:  And how much education have you had?

25          THE DEFENDANT:  Sixty-eight hours of college credit

1  hours.

2          THE COURT:  Okay.  So can you read, write, and

3  understand English?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Ms. Bachman, have you recently been under

6  the care of a doctor or psychiatrist or other medical

7  professional for any serious physical or mental illness,

8  including addiction to drugs or alcohol?

9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Ms. Bachman, are you currently using any

11  form of controlled substance or any medication or alcohol that

12  might affect your ability to understand this proceeding?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Mr. Curnutte, do you have any reason to

15  question the competence of your client, Ms. Bachman?

16          MR. CURNUTTE:  No, Your Honor.

17          THE COURT:  Ms. Bachman, are you here today to enter

18  a guilty plea as part of a written plea agreement?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Now, Ms. Bachman, I am a United States

21  Magistrate Judge, and you're charged with a felony in this

22  matter.  As such, you have the right to have this plea taken by

23  an Article III judge, sometimes called a District Judge.

24  Now -- and in this court that would be Judge Bailey.

25          Now, only you can give up that right, and I can only

1    hear your plea if you agree to it by signing a waiver.  Do you

2    understand that?

3                THE DEFENDANT:  Yes, Your Honor.

4                THE COURT:  And so the Court has presented you with a

5    written waiver.  Have you had the opportunity to review it with

6    your attorney?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  Okay.

9                MR. CURNUTTE:  May I approach, Your Honor?

10               THE COURT:  It appears you've already completed it.

11   If you'll present it to the Court, please, Mr. Curnutte.  Thank

12   you.

13               Now, Ms. Bachman, I'm going to show you the original

14   waiver of Article III judge and consent to enter a guilty plea.

15   Did you sign the waiver, Ms. Bachman?

16               THE DEFENDANT:  Yes, Your Honor.

17               THE COURT:  Did you read it before you signed it?

18               THE DEFENDANT:  Yes, Your Honor.

19               THE COURT:  And did you have the opportunity to

20   discuss it with your attorney?

21               THE DEFENDANT:  Yes, Your Honor.

22               THE COURT:  Do you have any questions about it?

23               THE DEFENDANT:  No, Your Honor.

24               THE COURT:  Anyone force you or pressure you into

25   signing it?

1              THE DEFENDANT:  No, Your Honor.

2              THE COURT:  And Mr. Curnutte, is it your

3    understanding your client agrees to the waiver?

4              MR. CURNUTTE:  Yes, Your Honor.

5              THE COURT:  I'm going to accept the waiver as being

6    knowingly and intelligently made and voluntarily made.  I'm

7    going to order that it be filed herein.  I will note the

8    signature of Mr. Curnutte, the attorney for Ms. Bachman, as

9    well as her signature, and the concurrence of the United States

10   of America by its Assistant U.S. Attorney Ms. Wagner.

11             Ms. Bachman, do you understand you have a right to be

12   represented by counsel at every stage of these proceedings,

13   including sentencing, and that if you cannot afford counsel,

14   you have the right to have counsel appointed for you?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Mr. Curnutte, do you or any member of

17   your office or firm represent anyone, including any

18   codefendants, who might be interested in the outcome of this

19   matter?

20             MR. CURNUTTE:  No, Your Honor.

21             THE COURT:  Ms. Bachman, do you believe that you have

22   had adequate time to discuss your case fully with Mr. Curnutte?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Has Mr. Curnutte been able to answer your

25   questions about how best to proceed in this case?

```
 1              THE DEFENDANT:  Yes, Your Honor.

 2              THE COURT:  Ms. Bachman, is there anything that your

 3    lawyer has not done which you've asked him to do?

 4              THE DEFENDANT:  No, Your Honor.

 5              THE COURT:  Ms. Bachman, are you completely satisfied

 6    with the legal advice that you've received from your attorney,

 7    Mr. Curnutte?

 8              THE DEFENDANT:  Yes, Your Honor.

 9              THE COURT:  And Mr. Curnutte, during the time that

10    you've represented Ms. Bachman, has Ms. Bachman been

11    cooperative with you?

12              MR. CURNUTTE:  Absolutely, Your Honor.

13              THE COURT:  And have you had adequate time to

14    discover the government's case?

15              MR. CURNUTTE:  Yes, Your Honor.

16              THE COURT:  Have you had adequate time to consider

17    possible defenses?

18              MR. CURNUTTE:  Yes, Your Honor.

19              THE COURT:  And Mr. Curnutte, do you know of any

20    viable defense to the charge in Count 1 of the indictment?

21              MR. CURNUTTE:  No, Your Honor.

22              THE COURT:  And Mr. Curnutte, have you had adequate

23    time to consider possible sentences?

24              MR. CURNUTTE:  Yes, Your Honor.

25              THE COURT:  And Mr. Curnutte, have you discussed all
```

1    of these issues with your client, Ms. Bachman?

2              MR. CURNUTTE:  Yes.

3              THE COURT:  Mr. Curnutte, is there a proposed plea

4    agreement in this case?

5              MR. CURNUTTE:  There is.

6              THE COURT:  Ms. Wagner, would you please summarize

7    the contents of that agreement.

8              MS. WAGNER:  Yes, Judge.  The agreement is dated

9    January 5th, 2018.  It is seven pages long.  Ms. Bachman and

10   Mr. Curnutte have signed each page, and I have not, but will

11   sign on behalf of the government.

12              Paragraph one sets forth that Ms. Bachman will plead

13   guilty to conspiracy to distribute methamphetamine as charged

14   in Count 1 of the indictment.

15              Paragraph two sets forth that the maximum statutory

16   penalty to which Ms. Bachman is exposed by virtue of her plea

17   agreement is a term of imprisonment of ten years to life, a

18   fine of $10 million, and a term of at least five years

19   supervised release.

20              Paragraph three sets forth that Ms. Bachman

21   understands that forfeiture is part of this sentence to be

22   imposed in this case.  And she agrees to the forfeiture of all

23   property attributed to her in the indictment's forfeiture

24   allegations, including the sum of $8,713 in United States

25   currency and the sum of $230 in United States currency which

1    are both alleged in the forfeiture allegation.

2              Paragraph four sets forth that Ms. Bachman must pay a

3    special mandatory assessment of $100.

4              Paragraph five sets forth that Ms. Bachman authorizes

5    the United States Attorney's Office to access her credit

6    report.

7              Paragraph six sets forth that if the Court accepts

8    Ms. Bachman's guilty plea, the United States will move to

9    dismiss Ms. Bachman from the remaining counts of the

10   indictment.

11             Paragraph seven sets forth that Ms. Bachman will be

12   forthright and truthful, will give signed and sworn statements,

13   grand jury and trial testimony, and will submit to a polygraph

14   examination if requested to do so.

15             Paragraph eight sets forth that nothing provided by

16   Ms. Bachman in any statement or testimony will be used against

17   her as the basis for a subsequent prosecution, but that

18   information may be made known to the sentencing court, but will

19   not be used by the sentencing court to determine her applicable

20   guideline range.

21             Paragraph nine sets forth that agreement does not

22   prevent Ms. Bachman from being prosecuted for any violations of

23   other federal and state laws she may have committed, should

24   evidence from an independent, legitimate source be obtained,

25   and she -- this agreement does not prevent her from being

1  charged with perjury or giving of a false statement, if such

2  should occur.

3        Paragraph ten sets forth that the United States may

4  advise the sentencing court of Ms. Bachman's forthrightness and

5  truthfulness or failure to be forthright and truthful.

6        Paragraph eleven sets forth that no representations

7  have been made by the government about what Ms. Bachman's

8  sentence will be.  This agreement includes nonbinding

9  sentencing recommendations which the sentencing court is not

10  bound by, and if the sentencing court does not accept the

11  recommendations, Ms. Bachman will not have the right to

12  withdraw her guilty plea.  The sentencing recommendations are

13  that the U.S. Attorney's Office will concur in a two-level

14  reduction for acceptance of responsibility if the U.S.

15  Probation Office makes that recommendation.

16        If Ms. Bachman gives timely and complete information

17  about her own criminal involvement, the government will

18  recommend an additional one-level reduction for her timely

19  acceptance, and the United States will recommend that any

20  sentence of incarceration imposed be at the lowest end of the

21  guideline range.

22        Paragraph 12 sets forth that the parties agree that

23  Ms. Bachman's base offense level is 32, and there is a

24  two-level increase because a firearm was possessed.  The

25  parties do not agree that the government will argue at

1   sentencing that a guideline enhancement applies for

2   Ms. Bachman's role in the offense, and that an enhancement

3   applies for Ms. Bachman's involvement of a person in the

4   offense who was less than 18 years old.

5        Paragraph 13 sets forth that any fine or restitution

6   imposed as part of Ms. Bachman's sentence will be due and

7   payable immediately, and Ms. Bachman agrees to provide all of

8   her financial information to the United States Attorney's

9   Office and to the United States Probation Office.

10        Paragraph 14 sets forth that Ms. Bachman agrees that

11   the United States may submit any unpaid criminal monetary

12   penalty to the United States Treasury for offset, regardless of

13   the defendant's payment status or history at the time of said

14   submission.

15        Paragraph 15 sets forth that the sentencing court is

16   not bound by any of the stipulations contained in this

17   agreement and is not required to accept them, and if the

18   sentencing court does not accept the parties' stipulations,

19   Ms. Bachman will not have the right to withdraw her guilty

20   plea.

21        Paragraph 16 sets forth that Ms. Bachman understands

22   defendants are generally afforded the right to appeal a

23   sentence, but if the Court determines that her total adjusted

24   guideline level is 37 or less and the Court does not depart

25   upward, then Ms. Bachman waives the right to appeal any order,

1    conviction, or sentence, or to challenge the conviction or

2    sentence in any postconviction proceeding, except as she

3    retains the right to raise on appeal or collateral attack any

4    claims respecting ineffective assistance of counsel or

5    prosecutorial misconduct.  However, Ms. Bachman agrees that

6    there is currently no known evidence of ineffective assistance

7    of counsel or prosecutorial misconduct.

8            Paragraph 17 sets forth that the government reserves

9    the right to provide the Court and the probation office with

10   information about Ms. Bachman, including her background and

11   criminal record.

12           Paragraph 18 sets forth that if Ms. Bachman's plea

13   agreement -- or guilty plea is not accepted by the sentencing

14   court or is later set aside, the government will not be bound

15   by the agreement.

16           Paragraph 19 sets forth that the written agreement

17   constitutes the entire agreement between the parties.

18           THE COURT:  Thank you, Ms. Wagner.

19           Ms. Wagner, is that the sole agreement or offer made

20   to Ms. Bachman in this matter?

21           MS. WAGNER:  I believe so, Judge.

22           THE COURT:  Is that correct, Mr. Curnutte?

23           MR. CURNUTTE:  I apologize, Your Honor.

24           THE COURT:  Is this the sole agreement or offer made

25   to Ms. Bachman in this matter?

1           MR. CURNUTTE:  Yes, it is the sole offer made to Ms.

2   Bachman.  I had settlement discussions with Assistant U.S.

3   Attorney Warner, but nothing was a firm proposal or authorized

4   in writing.

5           THE COURT:  This is the only written offer that was

6   submitted to her?

7           MR. CURNUTTE:  Yes, Your Honor.

8           THE COURT:  Is that correct, Ms. Bachman?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Now, Ms. Wagner, is this the entire

11  agreement between the government and Ms. Bachman in this

12  matter?

13          MS. WAGNER:  Yes, it is, Judge.  May I give you the

14  original.

15          THE COURT:  If you would, please.

16          Mr. Curnutte, is the summary given by Ms. Wagner a

17  fair summary of the entire plea agreement?

18          MR. CURNUTTE:  Yes, Your Honor.

19          THE COURT:  Ms. Bachman, do you understand what this

20  plea agreement does?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And do you understand what the plea

23  agreement requires of you?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Ms. Bachman, do you have any questions

1  about the plea agreement?

2  THE DEFENDANT:  No, Your Honor.

3  THE COURT:  Ms. Bachman, I will show you the original

4  plea agreement.  It contains several pages.  Is that your

5  signature at the bottom of each page, Ms. Bachman?

6  THE DEFENDANT:  Yes, Your Honor.

7  THE COURT:  Ms. Bachman, were each of the paragraphs

8  of the plea agreement discussed with you before you signed the

9  plea agreement and before you reached an agreement with the

10  government?

11  THE DEFENDANT:  Yes, Your Honor.

12  THE COURT:  Ms. Bachman, do you feel that you have

13  had sufficient time to discuss the terms of the plea agreement

14  with your attorney Mr. Curnutte before signing it?

15  THE DEFENDANT:  Yes, Your Honor.

16  THE COURT:  Do you feel you need any additional time?

17  THE DEFENDANT:  No, Your Honor.

18  THE COURT:  As you sit here now, do you have any

19  unanswered questions about the plea agreement?

20  THE DEFENDANT:  No, Your Honor.

21  THE COURT:  Ms. Bachman, the plea agreement contains

22  certain nonbinding recommendations and stipulations.  Do you

23  understand that the district court, that being the sentencing

24  judge, Judge Bailey, must defer his decision to accept or

25  reject the recommendations and stipulations contained in the

1  plea agreement until he's had the opportunity to consider a

2  presentence report?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  Ms. Bachman, do you understand that the

5  terms of the plea agreement are merely recommendations to the

6  Court and that the Court can reject the recommendations and

7  stipulations, and if it does so, you will not be allowed to

8  withdraw your plea of guilty.  Do you understand that?

9           THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  Do you understand that under a concept

11  known as relevant conduct that the Court may take into account

12  any conduct, circumstances, and injuries relevant to the crimes

13  to which you plead guilty?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  Do you understand that the Court's not

16  bound by the stipulations and that if the Court does not accept

17  the stipulations, you do not have your right to withdraw your

18  plea of guilty?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Ms. Bachman, does the written plea

21  agreement represent the complete agreement between you and the

22  government?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Ms. Bachman, is there anything that you

25  and the government have agreed to that is not in the plea

1  agreement?

2          THE DEFENDANT:  No, Your Honor.

3          THE COURT:  Ms. Bachman, do you want me to accept the

4  plea agreement?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  I find that Ms. Bachman understands and

7  agrees with the terms contained in the plea agreement, and I

8  order that the original plea agreement be filed and made part

9  of the record in this case.  Thank you.

10         Ms. Bachman, have you received a copy of the

11  superseding indictment returned against you in this matter?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Have you had the opportunity to read the

14  superseding indictment?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Would you like for me -- have you had the

17  opportunity to review it with your attorney, Mr. Curnutte?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Would you like for me to read that

20  superseding indictment now, or are you agreeable to waive the

21  reading of the indictment?

22         THE DEFENDANT:  We'll waive it, Your Honor.

23         THE COURT:  Ms. Bachman, then how do you plead to the

24  charge contained in Count 1 of the superseding indictment,

25  guilty or not guilty?

1          THE DEFENDANT:  Guilty, Your Honor.

2          THE COURT:  Ms. Bachman, before I accept your plea, I

3   want to make sure that there's a factual basis for your plea,

4   that you understand the nature of the charge against you and

5   the consequences of your pleading guilty to the charge, that

6   you understand the constitutional and other legal rights that

7   you give up by pleading guilty, and that you are pleading

8   guilty voluntarily.

9          So Ms. Bachman, you are charged in Count 1 with

10  conspiracy to distribute methamphetamine in violation of Title

11  21, United States Code, Sections 841(a) and 841(b)(1)(A).

12  Ms. Bachman, Title 21, United States Code, Section 841(a)(1)

13  provides, in pertinent part, that it shall be unlawful for any

14  person to knowingly or intentionally distribute or dispense

15  controlled substance, and that methamphetamine is a controlled

16  substance within the meaning of the law.

17         Do you understand that statute under which you've

18  been charged?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  In addition, you've been alleged to

21  conspire with others to distribute methamphetamine, which would

22  also be a violation of the law.  Do you understand that?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Now, do you understand the statutes under

25  which you've been charged, Ms. Bachman?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  Ms. Bachman, if the government had to go

3    to trial in this case, it would have to prove the following

4    elements under Title 21, United States Code, Section 841 and

5    841(b)(1)(A).  And it would have to prove each one of these

6    beyond a reasonable doubt:  First, that you distributed

7    methamphetamine; that you had knowledge -- second, that you had

8    knowledge of the distribution; third, that you intended to

9    distribute methamphetamine and; four, that you conspired with

10   others to do so.

11             Do you understand the elements of the statutes under

12   which you've been charged, Ms. Bachman?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Now, considering the elements of these

15   statutes and the definitions of the statutes, do you consider

16   yourself to be guilty of violating Title 21, United States

17   Code, Section 841(a) and 841(b)(1)(A)?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Ms. Wagner, do you intend to offer a

20   proffer in order to establish a factual basis for the plea in

21   this matter?

22             MS. WAGNER:  We do, Your Honor.

23             THE COURT:  Mr. Curnutte, would you have any

24   objection to the factual basis being established by a proffer?

25             MR. CURNUTTE:  No objection, Your Honor.

1          THE COURT:  Would indicate to all present that

2    Special Agent Worthy is here today, who is the lead

3    investigator in this matter, and he would be present and

4    available to offer testimony, if either party felt that was

5    necessary.

6          So Ms. Wagner, would you please present your proffer

7    to the Court.

8          MS. WAGNER:  Yes, Judge.  If this case proceeded to

9    trial, the government would put on evidence that Ms. Bachman

10   sold crystal methamphetamine in the Buckhannon area from March

11   2016 to the date of the indictment.  The evidence would show

12   that Ms. Bachman told ATF and the drug task force agents that

13   she made Jason Cousins, another individual -- or an individual

14   also known as Slam, rich because she helped him get crystal

15   meth connections in the area and he gave her heroin for

16   personal use in exchange.

17         Ms. Bachman also told investigators that she sold

18   four to five ounces of crystal meth for $1,500 per ounce on a

19   daily basis, and that in August 2016 Ms. Bachman began

20   traveling to Charlotte, North Carolina, to re-up with crystal

21   meth.

22         The evidence would also show that Ms. Bachman rented

23   a home in French Creek, Upshur County, in the Northern District

24   of West Virginia, and that neighbors observed traffic at her

25   house all through the night, and the evidence would show that

1    on December 8th, 2016, ATF agents searched her home and seized

2    methamphetamine, guns, cash, and distribution paraphernalia,

3    including a drug ledger.

4                THE COURT:  Thank you, Ms. Wagner.

5                Mr. Curnutte, do you have any objections to the

6    proffer made by the government?

7                MR. CURNUTTE:  No objection, Your Honor.

8                THE COURT:  Ms. Bachman, do you have any objections

9    to the proffer made by the government?

10               THE DEFENDANT:  No, Your Honor.

11               THE COURT:  Ms. Bachman, is the evidence that the

12   government attorney just presented through her proffer

13   substantially correct?

14               THE DEFENDANT:  Yes, Your Honor.

15               THE COURT:  And Ms. Bachman, did the government's

16   proffer accurately reflect your involvement in what occurred?

17               THE DEFENDANT:  Yes, Your Honor.

18               THE COURT:  Ms. Bachman, I would ask that you tell me

19   in your own words what makes you guilty of conspiracy to

20   distribute methamphetamine in violation of Title 21, United

21   States Code, Section 841(a) and 841(b)(1)(A).

22               THE DEFENDANT:  I distributed methamphetamine in

23   Upshur County from March until December of 2016, Your Honor.

24               THE COURT:  And did you conspire with others to do

25   so, named in the indictment?

1                THE DEFENDANT:  Yes, Your Honor.

2                THE COURT:  Did these acts occur on or about March

3     2016, at or near Upshur County, in the Northern District of

4     West Virginia?

5                THE DEFENDANT:  Yes, Your Honor.

6                THE COURT:  Now, Mr. Curnutte, are you satisfied that

7     if this case went to trial, there would be no meritorious legal

8     defense to the charge?

9                MR. CURNUTTE:  I am so satisfied, Your Honor.

10               THE COURT:  Are you satisfied, Mr. Curnutte, that

11    Ms. Bachman's constitutional and other rights have been

12    observed fully?

13               MR. CURNUTTE:  Yes, Your Honor.

14               THE COURT:  Do you concur in Ms. Bachman's now-stated

15    intention to enter a plea of guilty?

16               MR. CURNUTTE:  Yes, Your Honor.

17               THE COURT:  Ms. Bachman, I find that there is a

18    sufficient factual basis for your plea of guilty.

19               Now, Ms. Bachman, do you understand that you are

20    pleading guilty to a felony offense, and that if your plea is

21    accepted, you will be adjudged guilty of that felony offense?

22               THE DEFENDANT:  Yes, Your Honor.

23               THE COURT:  And do you also understand, Ms. Bachman,

24    that such judgment may deprive you of valuable civil rights,

25    such as your right to vote, your right to hold public office,

1    your right to serve on a jury, and your right to possess a

2    firearm or gun of any kind?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Ms. Bachman, I now want to go over the

5    statutory penalties that you will face.

6              Ms. Bachman, do you understand that you expose

7    yourself to maximum penalty as follows:  Imprisonment -- a term

8    of imprisonment for a minimum period of up to ten years.  I'm

9    sorry.  It's a minimum of ten years; is that correct?

10             MR. CURNUTTE:  Yes, Your Honor.

11             THE COURT:  Okay.  To life.  A fine of $10 million,

12   and a term of at least five years of supervised release.

13             Do you understand that, Ms. Bachman?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Do you understand that supervised release

16   means that after imprisonment you will be supervised by the

17   probation office under conditions that will be set by the

18   Court?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Now, Ms. Bachman, do you understand that

21   if you violate the terms of supervised release that the Court

22   may revoke the term of supervised release and order you to

23   serve a term in prison?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Do you understand that you'll be required

1    to pay a special assessment of $100 for having been convicted

2    of a felony offense?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  And do you understand that you agreed as

5    condition of your plea agreement to pay this special assessment

6    before the date of sentencing?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you understand, Ms. Bachman, that as

9    part of your fine, you could be required to pay the costs of

10   incarceration and/or the cost of supervision on release?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Ms. Bachman, do you understand that it

13   now costs $2,665 per month for prison, $341 per month for

14   supervised release, $2,174 per month for a residential reentry

15   center.  Do you understand that?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Do you also understand, Ms. Bachman, that

18   the forfeiture of certain assets is part of the sentence that

19   may be imposed in this case.  Do you understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Now, do you understand that you've agreed

22   to forfeit, meaning give to the government, ownership of $8,713

23   in U.S. currency described in Section 1.A.1 of the indictment's

24   forfeiture allegation and $230 U.S. currency described in 1.A.2

25   of the indictment's forfeiture allegation.  Do you understand

1  that?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Do you understand that it means the

4  government gets to keep that money?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you understand that if you were not a

7  citizen of the United States, that by pleading guilty to a

8  felony charge you may be subject to deportation at the

9  conclusion of any sentence, that you may be denied future entry

10  into the United States, and that you may be denied citizenship

11  if you ever applied for it?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Now, Ms. Bachman, do you understand that

14  the United States Sentencing Guidelines play an important role

15  in determining the sentence in your case?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Ms. Bachman, have you and Mr. Curnutte

18  discussed the application of the U.S. Sentencing Guidelines to

19  your case?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  I want to show you now a sentencing

22  guideline quick reference.  It's a single page.  And have you

23  looked at something similar to this, Ms. Bachman?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Have you reviewed it with Mr. Curnutte?

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  Do you understand -- the top left-hand

3    corner it will say offense level, starts with one, which is the

4    lowest, 43 is the highest.  Do you understand that?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  If you start at the top and you go from

7    left to right, there's a criminal history category also, one

8    being the lowest, six being the highest.

9            THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  The higher your criminal history

11    category, the higher the number of months you're exposed to.

12    Do you understand that?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  I'm going to make a reference to an

15    offense level, simply because it is referenced in your plea

16    agreement.  Understand that no one really will know what level

17    that will be until the judge receives the presentence

18    investigation report.  He's the one that makes that decision.

19    Do you understand that?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  I'm going to reference a level 37,

22    because you've agreed that if the Court determines that your

23    total adjusted guideline level is 37 or less, then you would

24    waive your right to appeal.  If you go to level 37 and go to

25    the right of it, it will say 210 to 262.  Do you understand

1   that means 210 months to 262 months?  Do you understand that?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Now, Ms. Bachman, I want to share with

4   you a few more things about the guidelines.  Do you understand

5   that the Court, meaning Judge Bailey, will not be able to

6   determine the applicable advisory guideline sentence for your

7   case until after the presentence investigation report has been

8   completed and your attorney and the government have had the

9   opportunity to review it and to challenge the facts determined

10  by the probation officer and the application of the guidelines

11  recommended by the probation officer.  Do you understand that?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Do you also understand, Ms. Bachman, that

14  the sentence imposed by the Court may be different from any

15  estimate Mr. Curnutte may have given you or what you thought it

16  would be?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Do you understand, Ms. Bachman, that the

19  Court must calculate the applicable advisory U.S. Sentencing

20  Guidelines and consider that range, and that the Court must

21  also consider possible departures under the U.S. Sentencing

22  Guidelines and other sentencing factors under Title 18, United

23  States Code, Section 3553(a)?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  And do you understand, Ms. Bachman, that

1    your sentence can be increased if you had a prior firearm

2    offense, violent felony conviction, or a prior drug conviction?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Ms. Bachman, do you understand that the

5    Court is not bound by the advisory guideline range and that the

6    Court has the authority to impose a sentence that is more

7    severe or less severe than the sentence called for by the

8    guidelines.  Do you understand that?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Ms. Bachman, do you also understand that

11   parole has been abolished in the federal system and that you

12   will not be released on parole if you are sentenced to prison?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  So Ms. Bachman, in the state system

15   someone's sentenced to five to 20 years, they can be released

16   on parole after serving five years.  Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Or sometimes they can be released on

19   parole after serving half your sentence.  Do you understand

20   that?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Now, do you understand that there is no

23   parole in the federal system?  Do you understand that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  So that if the Court sentences you to 200

1    months of incarceration, you will serve 200 months.  Do you

2    understand that?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Now, the only reduction possible would be

5    for good time credit.  Now, good time credit is not controlled

6    by the Court.  Do you understand that?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  It's credit given for good time and for

9    how many months you serve, but that good time credit is

10   controlled by the warden and the staff in the prison where you

11   would be serving your time.  Do you understand that?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Now, Ms. Bachman, do you also understand

14   that even if you do not like the sentence imposed on you by the

15   Court, you will still be bound by your plea and you will have

16   no right to withdraw it?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Do you also understand, Ms. Bachman, that

19   you will have the right to testify at your sentencing hearing,

20   if you so desire?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  Ms. Bachman, do you understand that in

23   your plea agreement -- and we've discussed this earlier -- that

24   you have given up the right and you've agreed to give up the

25   right to appeal your sentence under many circumstances?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  Ms. Bachman, everyone found guilty of a

3    crime in federal court in this district has a right to appeal a

4    conviction and sentence to the Fourth Circuit Court of Appeals

5    in Richmond, Virginia.  A three-judge panel reviews the

6    conviction and sentence to see if it was done correctly.  Do

7    you understand that?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Now, Ms. Bachman, under the terms of

10   paragraph 16 of the plea agreement, you are giving up, or

11   waiving, your right to appeal any order, conviction, sentence,

12   or the manner in which that sentence was determined in any

13   ground whatsoever, including those grounds set forth in Title

14   18, United States Code, Section 3742, if the Court determines

15   that your base offense level under the advisory guidelines is a

16   level 37 or less.  Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Now, do you also understand that you will

19   only have the right to appeal your guilty plea if you believe

20   it was unlawful, or involuntary, or there was some fundamental

21   defect in the proceedings.  Do you understand that?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  As you sit here today, Ms. Bachman, do

24   you agree that your guilty plea is lawful?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Do you agree that it's voluntary?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Do you agree that there have been no

4    fundamental defects in these proceedings?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Now, Ms. Bachman, do you also understand

7    that everyone has a right to challenge the conviction or

8    sentence or the manner in which it was determined in any

9    postconviction proceeding, sometimes called a habeas corpus

10   petition or collateral attack, under Title 28, United States

11   Code, Section 2255?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you understand, Ms. Bachman, that

14   under the terms of paragraph 16(b) of the plea agreement that

15   you have waived your right to challenge your conviction, the

16   sentence, or the manner in which it was determined in any

17   postconviction proceeding, including habeas corpus petition or

18   collateral attack, brought under Title 28, United States Code,

19   Section 2255, if the Court determines that your base offense

20   level under the guidelines is a level 37 or less.  Do you

21   understand that?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Ms. Bachman, do you understand then that

24   your only legal remedies on appeal or collateral attack are for

25   claims of ineffective assistance of counsel, which would

1    involve your attorney, or prosecutorial misconduct, which would

2    involve the government's attorneys.  Do you understand that?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  As we sit here today, do you know of any

5    evidence that would suggest in any way that your attorney,

6    Mr. Curnutte, has been ineffective in representing you?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  And has we sit here today, Ms. Bachman,

9    do you know of any evidence that would suggest in any way that

10   the government's attorney, Ms. Wagner, Mr. Warner, or anyone in

11   their office, do you know of any evidence that would suggest

12   they've committed acts of prosecutorial misconduct?

13             THE DEFENDANT:  No, Your Honor.

14             THE COURT:  Have you discussed, Ms. Bachman, the

15   waiver of these important appellate rights with your lawyer?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  And having done so, do you still wish to

18   waive these rights?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Mr. Curnutte, do you believe that

21   Ms. Bachman fully understands the importance of the rights

22   she's -- appellate rights she's waiving in this matter?

23             MR. CURNUTTE:  Yes, Your Honor.

24             THE COURT:  Ms. Bachman, do you understand, with few

25   exceptions, any notice of appeal must be filed within 14 days

1  of judgment being entered in your case?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Ms. Bachman, I find that you understand

4  the nature of the charge and the consequences of a guilty plea.

5          Now, Ms. Bachman, do you understand that you have the

6  right to continue to plead not guilty to the charge, if you so

7  desire?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Do you understand, Ms. Bachman, that by

10 pleading guilty you give up your right to a speedy and public

11 trial by jury?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you understand, Ms. Bachman, that by

14 pleading guilty you give up your right to force the government

15 to come forward with witnesses and evidence against you?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Do you understand that you would have

18 been presumed innocent until the government presented enough

19 evidence to satisfy both the judge and the jury of your guilt

20 beyond a reasonable doubt?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Do you understand, Ms. Bachman, that when

23 you admit your guilt, such as you've done here, that you then

24 relieve the government of the obligation and burden of proving

25 your guilt?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand, Ms. Bachman, that you

3    would have had the right to the assistance of counsel at every

4    stage of trial?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you understand that you and your

7    attorney, Mr. Curnutte, would have had the opportunity to

8    confront and cross-examine any witnesses called by the

9    government or your accusers and test the truth of what they

10   said?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Do you understand that by pleading guilty

13   you give up that right?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Ms. Bachman, do you understand that had

16   you desired to go to trial and wished to call witnesses, that

17   you would have been entitled to the services of the U.S.

18   Marshal to bring witnesses to court under subpoena?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Ms. Bachman, do you understand that when

21   you -- by pleading guilty you give up the right to call

22   witnesses except at your sentencing?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Ms. Bachman, do you understand that you

25   would have had the right to move to suppress, or keep away from

1    the jury's hearing and consideration, any evidence of any

2    nature that had been illegally or unlawfully obtained?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Do you understand, Ms. Bachman, that had

5    you desired to go to trial, that you would have had the right

6    to testify at trial, if you so desired?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you also understand that you cannot be

9    compelled or forced to testify at trial?

10              THE DEFENDANT:  Yes, Your Honor.

11              THE COURT:  Do you understand, Ms. Bachman, you would

12    have had the right to go to trial and remain silent, that is,

13    not to take the witness stand or not to call any witnesses or

14    not to present any evidence whatsoever on your own behalf.  Do

15    you understand that?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  Do you understand that the Court would

18    have then instructed and told the jury that they could not

19    convict you because of the exercise of your constitutional

20    right to remain silent, but only based on an offer of proof of

21    the government?

22              THE DEFENDANT:  Yes, Your Honor.

23              THE COURT:  Do you understand that you give up your

24    right to a unanimous verdict from a jury when you plead guilty?

25              THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Mr. Curnutte, do you believe that

2    Ms. Bachman understands the consequences of her guilty plea, as

3    well as the significant constitutional rights she gives up by

4    doing so?

5          MR. CURNUTTE:  Yes, Your Honor.

6          THE COURT:  Ms. Bachman, I find you understand the

7    constitutional and other legal rights that you give up by

8    pleading guilty.

9          Now, Ms. Bachman, knowing all of these things, do you

10   still wish to plead guilty at this time?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Ms. Bachman, has anyone forced you,

13   threatened you, coerced you, intimidated you, or talked you

14   into entering a guilty plea against your will?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Are you acting voluntarily and of your

17   own free will, Ms. Bachman, in entering this guilty plea?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Ms. Bachman, are you pleading guilty

20   because you are guilty of the crime charged in Count 1 of the

21   indictment?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Ms. Bachman, has anyone promised you or

24   told you something that is different from what I've told you

25   today to get you to plead guilty?

1              THE DEFENDANT:  No, Your Honor.

2              THE COURT:  Ms. Bachman, is this plea the result of

3    any promises other than the promises contained in the plea

4    agreement?

5              THE DEFENDANT:  No, Your Honor.

6              THE COURT:  Are you pleading guilty to protect

7    anyone, Ms. Bachman?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  Has anyone promised or predicted the

10   exact sentence which will be imposed upon you in this matter?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  And Ms. Bachman, do you understand that

13   at this time no one could know the exact sentence which will be

14   imposed in this case?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Ms. Bachman, have you been able to fully

17   understand what is going on in these proceedings today?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Ms. Bachman, I find that your guilty plea

20   is voluntary.

21             Ms. Bachman, at this time do you have any questions

22   or second thoughts about entering a plea of guilty?

23             THE DEFENDANT:  No, Your Honor.

24             THE COURT:  Ms. Bachman, would you please stand.

25             Ms. Bachman, how do you plead to Count 1 of the

1   indictment charging you with conspiracy to distribute

2   methamphetamine, guilty or not guilty?

3              THE DEFENDANT:  Guilty, Your Honor.

4              THE COURT:  Thank you, Ms. Bachman.  You may be

5   seated.

6              In the case of the United States of America versus

7   Amanda Mae Bachman, I find that Ms. Bachman is fully competent

8   and capable of entering into an informed plea, that there is a

9   sufficient factual basis for her plea of guilty, that

10  Ms. Bachman understands the nature of the charge and the

11  consequences of a guilty plea to that charge, and that

12  Ms. Bachman understands the constitutional and other legal

13  rights that she is giving up because of the plea, and that

14  Ms. Bachman's plea is voluntary.

15             While I do accept the terms of the -- while I defer

16  accepting the terms of the plea agreement and adjudging

17  Ms. Bachman guilty to the sentencing court, I do accept her

18  plea of guilty to Count 1.

19             Now, Ms. Bachman, the sentencing court must consider

20  the following factors when determining a sentence in your case:

21  One, the nature and circumstances of the offense; two, your

22  history and characteristics; three, the necessity of punishing

23  you, deterring you, protecting the public from you, or

24  providing you with training, medical care, or treatment; four,

25  the kinds of sentences and the sentencing range established by

1    the sentencing guidelines; five, the need to give defendants

2    with similar criminal records similar sentences and; six, the

3    need to provide restitution to any victims of the offense.

4              Do you understand the factors the Court will

5    consider, Ms. Bachman?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  And Ms. Bachman, in order to help the

8    Court to consider these factors, the probation office is

9    required to prepare a presentence investigation of you and

10   submit a report to the sentencing court.  The information in

11   this report might have an impact on the sentence you will

12   ultimately receive.  Therefore, you may want to discuss with

13   your lawyer what options are best for you in this investigation

14   process.  Do you understand that, Ms. Bachman?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Have y'all made arrangements,

17   Mr. Curnutte, to meet with probation?

18             MR. CURNUTTE:  Not yet.  Probation Officer Meadows

19   contacted me earlier in the week, and I hadn't had a chance to

20   get back with him.

21             THE COURT:  Okay.  Ms. Bachman, you must not commit

22   any crimes between now and sentencing, because there are

23   additional punishments for -- that may be imposed upon you for

24   committing additional crimes.  Do you understand that?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Pursuant to 6A1 of the United States

2    Sentencing Guidelines, I order the probation office to conduct

3    a presentence investigation of Ms. Bachman, prepare a draft

4    presentence investigation report, and disclose its comments --

5    contents to the government and Ms. Bachman.

6          I further direct the probation officer and all

7    parties to comply with Federal Rule of Criminal Procedure 32,

8    Sentencing Guideline 6A1.2, regarding deadlines for disclosure,

9    objection, and departure or sentencing statement requirements.

10          Now, the sentencing court will set this matter for

11    sentencing, Ms. Bachman.  When the Court does so notify your

12    attorney and the government, and then your attorney will notify

13    you when that will take place.

14          Mr. Curnutte, Ms. Wagner, if you anticipate a lengthy

15    sentencing hearing or something that's going to be longer than

16    the Court typically sets aside, then you should so notify the

17    Court and his office so that an adequate amount of time can be

18    set aside for scheduling.

19          Ms. Bachman, what will happen is that I'm going to

20    prepare an order that's titled a change of plea order, which

21    means that you've changed your plea from not guilty to guilty.

22    The presentence investigation process will start, meaning the

23    probation officer will start gathering the information for your

24    presentence report.  That includes discussing the matter with

25    you, the government, and doing other things.  It's an

1    investigation.  When it's completed, or a draft it completed,

2    will be shared with your attorney, who will share it with you

3    and the government.  At that point in time you need to review

4    it closely to determine whether or not you have any objections

5    to it, whether you think they got something wrong or whether

6    something should be added.

7            Now, and you have to file those timely, as well as

8    the government has to file timely the objections they have.

9    Just because they're filed by either side, you or the

10   government, doesn't mean that the judge is going to agree with

11   what you have to say or your objections, but the Court will

12   certainly take them into consideration.  If you don't file any

13   objections the Court will assume everything is correct and that

14   you've agreed with that report.

15           Do you have anything further the Court should

16   consider, Mr. Curnutte, before we adjourn?

17           MR. CURNUTTE:  No, Your Honor.

18           THE COURT:  Do you have any questions before we

19   adjourn, Ms. Bachman?

20           THE DEFENDANT:  No, Your Honor.

21           THE COURT:  Do you have anything further, Ms. Wagner?

22           MS. WAGNER:  No, Judge.

23           THE COURT:  Nothing further, then I'm going to remand

24   you to the custody of the United States Marshal, Ms. Bachman,

25   pending further proceedings in this matter.  If nothing

1    further, we'll be adjourned.  Thank you all.

2              (Proceedings concluded at 10:47 a.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          CERTIFICATE

2

3          I, Cindy L. Knecht, Registered Professional Reporter

4     and Official Reporter of the United States District Court for

5     the Northern District of West Virginia, do hereby certify that

6     the foregoing is a true and correct transcript to the best of

7     my ability of the taped proceedings had in the above-styled

8     action on February 2, 2018, as reported by me in stenotypy.

9          I certify that the transcript fees and format comply with

10    those prescribed by the Court and Judicial Conference of the

11    United States.

12         Given under my hand this 27th day of August 2019.

13                              /s/Cindy L. Knecht
                                Cindy L. Knecht, RMR/CRR
14                              Official Reporter, United States
                                District Court for the Northern
15                              District of West Virginia
                                        - - -

16

17

18

19

20

21

22

23

24

25